The document below is hereby signed.   Dated: October 26, 2011.



**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )   Case No. 10-00559
ALICE HARRINGTON,                  )   (Chapter 13)
                                   )
                Debtor.            )

<u>MEMORANDUM DECISION RE DEBTOR'S MOTION TO AMEND DISMISSAL ORDER</u>

The debtor has filed a motion to amend the order that granted an unopposed motion to dismiss based on the debtor's failure to make plan payments (Dkt. No. 135). The debtor has also filed a supplement to the motion (Dkt. No. 137). The dismissal order was made with prejudice to the refiling of a bankruptcy case within 180 days after entry of the order. By her motion, the debtor seeks to make the dismissal a dismissal without prejudice, arguing that her failure to make plan payments was not willful.

I

Because the motion was filed more than 14 days after the entry of the dismissal order, the motion is one under Fed. R.

Civ. P. 60, not one under Fed. R. Civ. P. 59.[1]  The debtor has

not shown good cause for failing to oppose the motion to dismiss,

and has not otherwise shown cause under Rule 60 for amending the

order to make the dismissal one without prejudice.

                                    II

    In any event, even if the debtor had timely opposed the

trustee's motion or had timely sought relief under Rule 59 and

its more liberal standards, the court would still make the

dismissal a dismissal with prejudice.  There had been a motion

for relief from the automatic stay in the case, and any voluntary

dismissal would have been with prejudice.  11 U.S.C. § 109(g)(2).

When the debtor failed to make plan payments, that necessitated

that the case be dismissed unless the case were converted to

another chapter.  The debtor did not exercise her absolute right

under 11 U.S.C. § 1307(a) to convert her case to chapter 7.  She

ought not evade § 109(g)(2) by having failed to take steps to

convert her case, which would have prevented dismissal of the

case.  In other words, the dismissal was the equivalent of a

voluntary dismissal because the debtor voluntarily elected not to

_____

    [1]  Pursuant to Fed. R. Bankr. P. 9023, Fed. R. Civ. P. 59
generally applies in bankruptcy cases.  Whereas litigants
proceeding in the district court under the Federal Rules of Civil
Procedure have 28 days within which to file a Rule 59 motion to
alter or amend a judgment, under Fed. R. Bankr. P. 9023, parties
in this court are required to file such motions within 14 days
after entry of judgment.

                                    2

convert her case.[2]  Cause thus existed to make the dismissal with

prejudice.[3]

III

An order follows denying the motion to amend the dismissal

order.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[2]  The debtor has not asked that the dismissal order be
vacated to allow her to file a notice of conversion to chapter 7,
or to file a motion showing cause for converting the case to
chapter 11.

[3]  When the trustee filed her motion to dismiss, and the
debtor failed to respond and show that she could get her plan
payments back on track, I could have ordered the debtor to file
either a notice of conversion to chapter 7 or a motion to
dismiss.  If she did neither of those things, then a dismissal
with prejudice for willful failure to comply with a court order
would be appropriate under 11 U.S.C. § 109(g)(1).  Instead of
following that cumbersome procedure, it stands to reason that,
even if the debtor did not willfully fail to make plan payments,
the court can make the granting of the trustee's motion to
dismiss a dismissal with prejudice for cause based on the
debtor's voluntarily suffering a dismissal, after a motion for
relief from the automatic stay was filed, by not converting the
case to chapter 7.